UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
STEFAN GUSTAFSON             )
    Plaintiff,              )
                             )
v.                           )
                             )
BOSTON SHIP REPAIR, L.L.C.   )   C.A. No.:
EDWARD SNYDER                )
BRUCE ZANIOL                 )
    Defendants.             )
_____)

# COMPLAINT

## Introduction

Plaintiff, Stefan Gustafson brings this action to recover unpaid wages, including overtime wages, against Boston Ship Repair, LLC ("BSR"), Edward Snyder and Bruce Zaniol (collectively referred to herein as "Defendants"). During the time-period discussed herein, Plaintiff was misclassified as an exempt employee and often worked over forty hours per week and was not paid time one and one-half his hourly rate for overtime work hours. Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

## Jurisdiction and Venue

1. This court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

2. Defendants conduct business in this district and Plaintiff performed work for the defendants in this district and is therefore subject to personal jurisdiction here.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred here.

4. This Court has jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367(a).

**Parties**

5. Plaintiff Gustafson is a resident of XXXX, Massachusetts. Between approximately May 2015 through January 2017 ("Relevant Time Period"), Plaintiff was employed by and performed services for BSR.

6. Defendant Boston Ship Repair, LLC is a Massachusetts registered limited liability corporation doing business at 32A Drydock Ave., Boston, Massachusetts.

7. Defendant Edward Snyder is the President, Chief Executive Officer and member of Boston Ship Repair, LLC. He is an officer actively engaged in the management of BSR and has oversight over and authority to make decisions relating to payment of wages to employees.

8. Defendant Bruce Zaniol is the Chief Financial Officer and member of BSR. He is an officer actively engaged in the management of BSR and has oversight over and authority to make decisions relating to payment of wages to employees.

9. Defendants have regularly transacted business in this district during the Relevant Time Period.

10. During the Relevant Time Period, Defendants were employers and an enterprise engaged in commerce or in the production of goods for commerce as those terms are defined in the Fair Labor Standards Act, 29 U.S.C. § 203 (and administrative regulations interpreting the Act).

11. During the Relevant Time Period, Defendants were also employers subject to the Massachusetts wage and hour laws (and administrative regulations interpreting those laws), included in this Complaint.

12. During the Relevant Time Period, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by Massachusetts law and the Fair Labor Standards Act, including overtime payments for hours worked over forty in a workweek.

**Factual Allegations**

13. Plaintiff was paid an annual salary by Defendants during the Relevant Time Period.

14. Plaintiff was not paid one and one-half his hourly rate for hours worked over forty in a workweek.

15. Plaintiff was not an overtime-exempt employee under either federal or Massachusetts law.

16. Plaintiff worked for BSR as an Environmental Specialist. In his position, Plaintiff reported to the Director of the safety and environmental department. He was responsible for inspecting work sites and documenting safety issues and inspection results.

17. Plaintiff duties did not directly relate to the management or general business operations of BSR.

18. Plaintiff has exercised no discretion or independent judgment with respect to matters of significance during his employment by BSR.

19. While working for BSR, Plaintiff has had no the authority to formulate, affect, interpret, or implement management policies or operating practices.

20. While working for BSR, Plaintiff has carried out no major assignments in conducting the operations of the business of BSR.

21. While working for BSR, Plaintiff has performed no work that affected business operations to a substantial degree.

22. While working for BSR, Plaintiff has had no authority to commit BSR in matters that had significant financial impact.

23. While working for BSR, Plaintiff had no authority to negotiate and bind BSR on significant matters.

24. While working for BSR, Plaintiff had no primary duty of providing independent expert advice to management.

25. While working for BSR, Plaintiff has not been involved substantially in planning long or short-term business objectives.

26. While working for BSR, Plaintiff did not independently resolved matters of significance on behalf of management.

27. Defendants were aware of the requirement to pay overtime compensation to employees who work overtime and are non-exempt.

28. Notwithstanding this knowledge, Defendants still failed to pay Plaintiff overtime pay for overtime work hours.

## **Count I – Fair Labor Standards Act**

29. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-28 above.

30. By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207 by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate for hours worked in excess of forty hours during a workweek.

31. The Defendants' violations of 29 U.S.C. §207 were repeated, willful and intentional.

32. Plaintiff has been damaged by said violations of 29 U.S.C. §207.

33. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages, prejudgment interest, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## **Count II – Massachusetts Law Overtime Claim**

34. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-33 above.

35. By their conduct as set forth herein, Defendants violated M.G.L. c. 151, §§ 1A and 1B, by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate for all hours worked in excess of forty during any workweek.

36. Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B. Pursuant to M.G.L. c. 151, §§ 1A and 1B, Defendants are liable to the Plaintiff for treble damages, prejudgment interests, plus costs and reasonable attorneys' fees.

## **Count III – Massachusetts Wage Act Claim**

37. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 36 above.

38. Pursuant to M.G.L c. 149, §150, the Massachusetts Attorney General has assented in writing to the commencement of this action.

39. By their conduct set forth herein, the Defendants violated M.G.L. c. 149, §148 by failing to pay Plaintiff all earned wages.

40. Plaintiff has been damaged by said violation of M.G.L. c. 149, §148.

41. Pursuant to M.G.L. c. 149, §150 and §148, Defendants are liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

I. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA, 29 U.S.C. §§ 207 *et seq.*, and award those damages against the Defendants in favor of Plaintiff, including liquidated damages and prejudgment interest.

II. Determine the damages sustained by Plaintiff as a result of Defendants' violation of M.G.L. c. 151 §§ 1A and 1B, and award those damages against the Defendants and in favor of Plaintiff, including treble damages and prejudgment interest.

III. Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 149, §148, and award those damages against the Defendants in favor of Plaintiff, including treble damages and prejudgment interest.

IV. Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

V. Any other or further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**.

    STEFAN GUSTAFSON
    By his Attorney,

    /s/ Corinne Hood Greene
    Corinne Hood Greene, Esq, (BBO #654311)
    Greene & Hafer
    529 Main St., Ste. 124
    Charlestown, MA 02129
    Ph. 617-396-4600
    cgreene@greeneandhafer.com

Date:  January 18, 2019